

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Denver E. Perkins
County Attorney
Gonzales County
Gonzales, Texas

Dear Sir:

Opinion No. O-2548
Re: Tax collector's $1.00 fee
of Article 7351, Revised
Civil Statutes.

In your letter of August 29, 1940, you advise us that when a person makes payment of delinquent taxes before suit is filed your tax collector makes no charge for issuing a receipt and the certificate of exemption, and request our opinion in response to the following question:

"Should the tax collector, under such circumstances, charge $1.00 for such certificate of redemption where no suit has been filed and the land has not been sold at a tax sale?"

Article 7331, Revised Civil Statutes, reads in part:

"For calculating and preparing redemption certificates and receipts, reporting and crediting redemptions, posting Comptroller's redemption numbers on the delinquent tax record or annual delinquent list, mailing certificates of redemption to taxpayers after approval by the Comptroller, and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be en-

Honorable Denver E. Perkins, Page 2

titled to a fee of one dollar ($1.00) for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Correct assessment as herein used means the inventory of all properties owned by an individual for any one year. Provided, that in no case shall the State or county be liable for said fee."

It will be noticed that the $1.00 fee is intended to be a compensation for the several services mentioned in the first sentence of the statute. It is not merely a fee for issuing a redemption certificate.

For instance, there is included the service of "issuing receipts or certificates of redemption for property shown on the annual delinquent list." Article 7339, Revised Civil Statutes, provides that "any delinquent taxpayer whose lands have been returned delinquent or reported sold to the State for taxes due thereon, or any one having an interest therein, may redeem the same at any time before his lands are sold under the provisions of this chapter, by paying the taxes due thereon since January 1, 1885, with interest at the rate of six percent per annum and all costs and the penalty of ten percent."

It is quite apparent that the term "before his lands are sold" is used in Article 7339 without reference to the question of whether suit has been filed. There is no requirement in Article 7331, or elsewhere, that the filing of suit should be pre-requisite to the maturity of the fee in question. In view of this, and of the further fact that many of the services for which the fee is to furnish compensation are not dependent upon the filing of suit, we are of the opinion that the use of the words "to be sold" in the clause "the tax collector shall be entitled to a fee of $1.00 for each correct assessment of land to be sold" was not intended to mean that the fee should be due only in those cases where suit has been filed. We accordingly answer your question in the affirmative.

This construction is in accord with that placed on the statute by the Comptroller's Office and the opinion of former Assistant Attorney General Homer C. DeWolfe, dated

Honorable Denver E. Perkins, Page 3

November 26, 1935, recorded in Vol. 341, page 219, Attorney General's Letter Opinion Reports.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 9, 1940

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Assistant

GRL:BBB